66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Martwain HARTSELL, Defendant-Appellant.
 No. 94-6650.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: NELSON, RYAN and McKAY,* Circuit Judges.
 
 OPINION
 
 2
 Ernest Martwain Hartsell appeals from his criminal conviction and sentence for cocaine possession. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Ernest Martwain Hartsell was named in a two-count indictment for drug related offenses. Hartsell thereafter entered into an agreement whereby he agreed to plead guilty to count one of the indictment in exchange for the government's promise to have the remaining count dismissed. The district court subsequently found Hartsell guilty of possession with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1), and sentenced him to a 24 month term of imprisonment. This appeal followed.
 
 
 4
 Counsel for Hartsell filed a motion to withdraw representation on appeal as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Hartsell was served with this motion but did not choose to respond.
 
 
 5
 Hartsell was indicted for his role in a cocaine distribution scheme operating on both sides of the eastern border of Kentucky and Tennessee. Investigators for the Federal Bureau of Investigation and the Kentucky State Police encountered Hartsell in April 1993 in the course of arranging a cocaine purchase from other dealers. The unrebutted account of Hartsell's role in the offense includes his direct sale of more than 5 ounces of cocaine to an undercover law enforcement agent on two separate occasions in Middlesboro, Kentucky. The total amount of cocaine sold by Hartsell was approximately 6.79 ounces.
 
 
 6
 Hartsell pleaded guilty to possessing cocaine with the intent to distribute. The agreement contemplated that Hartsell was exposed to a maximum term of imprisonment of 20 years, and that his actual guideline offense level would be 15. Hartsell's final guideline calculation reflects an offense level of 15 and a criminal history of I, with a resulting range of 18-24 months. The district court sentenced Hartsell to the upper limit of the range.
 
 
 7
 Hartsell pleaded guilty to one count of an offense under 21 U.S.C. Sec. 841(a)(1) that was committed in the Eastern District of Kentucky. The language of the indictment tracks that of the statute and Middlesboro [Bell County], Kentucky, lies within the Eastern District of Kentucky. 28 U.S.C. Sec. 97(a). Jurisdiction thus does not appear to be an issue in this case and Hartsell's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c). The court accurately related the maximum penalties to which Hartsell would be exposed by his plea and determined that he was not under the influence of any drugs. There does not appear to be any defect in the plea proceedings.
 
 
 9
 Hartsell was sentenced under the guidelines. His counsel suggests that the only possible issue supporting an appeal in this case might be the guideline calculations. The court's calculations in this regard and in the determination of Hartsell's criminal history category appear proper in all respects and were made in the absence of any objection by defense counsel. The actual sentence of 24 months was at the high end of the range (18-24 months). The district court did not supply any reasons for imposing the sentence entered as there is no statutory requirement to do so. 18 U.S.C. Sec. 3553(c). There are no grounds for an appeal of this judgment.
 
 
 10
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Monroe G. McKay, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation